UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID F. MILLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:08CV155 SNLJ |
| MARION TILLY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 36750), an inmate at Madison County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. The Court finds that plaintiff does not have sufficient funds to pay the filing fee and as such, will forego the fee at this time. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C.§ 1983 alleging violations of his civil rights. Named as defendants are Marion Tilly (public defender), Unknown Hows (prosecutor) and Matt Blunt (Governor). Plaintiff alleges that defendant Tilly failed to "live up to her obligations to defend [him] and allowed plaintiff to be unlawfully sent to prison." Plaintiff asserts that defendant Hows prosecuted him "on a charge that was a Class D felony and should have only done so on a Class A misdemeanor..." Plaintiff asserts that defendant Blunt acted wrongfully when he failed to overturn his conviction after receiving emails and letters from plaintiff's

family members asking him to do so. Plaintiff seeks monetary relief for the alleged constitutional violations.

## Discussion

The complaint fails to state a claim upon which relief can be granted against defendant Tilly because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff's complaint is legally frivolous as to defendant Hows because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). Similarly, plaintiff's complaint is frivolous as to Governor Blunt, as plaintiff has not alleged that defendant Blunt was causally linked to, or directly responsible for, the alleged constitutional violations. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th

Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th Day of November, 2008.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE